UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

      v.

STEVEN M. BOLLA, WASHINGTON
INVESTMENT NETWORK, SUSAN
BOLLA, and ROBERT RADANO,

    Defendants.

Civil Action No. 02-1506 (CKK)

**MEMORANDUM OPINION**
(October 29, 2007)

On May 18, 2007, the United States Court of Appeals for the District of Columbia Circuit

issued its Mandate regarding the injunction entered by this Court following the bench trial of

Defendants Washington Investment Network ("WIN") and Robert Radano (collectively

"Defendants").  Specifically, the D.C. Circuit Mandate directs this Court "to amend the

injunction to describe more specifically the act or acts sought to be restrained."  *See SEC v.*

*Bolla*, Civil Action No. 02-1506, USCA Mandate, Docket No. 68.  Currently pending before the

Court is the parties' briefing regarding amending the injunction, as well as Defendants' Motion

for Reconsideration and Clarification of the Court's August 22, 2007 Order granting-in-part the

motion to strike Defendants' opening brief filed by the Securities and Exchange Commission

("SEC").  Upon a searching review of the parties' filings, the relevant statutes and case law, and

the entire record herein, the Court shall grant-in-part and deny-in-part Defendants' [79] Motion

for Reconsideration and Clarification, shall grant-in-part and deny-in-part Defendants' alternative

[80] Motion to Strike Portions of the SEC's Proposed Judgment and Set Briefing Schedule, and

shall enter the following revised injunctions:

> Defendants WIN and Radano, their agents, servants, employees, attorneys, and all
> persons in active concert or participation with them who receive actual notice of
> this Final Judgment by personal service or otherwise are permanently restrained
> and enjoined from violating Section 203(f) of the Investment Advisers Act of
> 1940 by willfully becoming, or being, associated with an investment adviser
> without the consent of the Securities and Exchange Commission ("SEC") if the
> SEC has issued an order against them suspending them or barring them from
> being associated with an investment adviser, or by permitting a person who was
> the subject of an SEC order barring or suspending him or her from associating
> with an investment adviser to become, or remain, a person associated with an
> investment adviser without the consent of the SEC if either WIN or Radano knew,
> or in the exercise of reasonable care, should have known, of such order.

> Defendants WIN and Radano, their agents, servants, employees, attorneys, and all
> persons in active concert or participation with them who receive actual notice of
> this Final Judgment by personal service or otherwise are permanently restrained
> and enjoined from violating Sections 206(1) and 206(2) of the Investment
> Advisers Act of 1940 by the use of any means or instruments of interstate
> commerce or by the use of the mails, directly or indirectly:
>> (a) employing any device, scheme, or artifice to defraud any client or
>> prospective client; or
>> (b) engaging in any transaction, practice, or course of business which
>> operates as a fraud or deceit upon any client or prospective client.

## I. BACKGROUND

The Court presumes knowledge of the facts of this case, which are extensively addressed

in both *SEC v. Bolla*, 401 F. Supp. 2d 43 (D.D.C. 2005) and *SEC v. WIN*, 475 F.3d 392 (D.C.

Cir. 2007).  The Complaint in this action was filed on July 31, 2002, alleging violations of the

Investment Advisers Act of 1940 (the "Advisers Act"), 15 U.S.C. § 80b-1 *et seq.*  Thereafter,

Defendants Steven M. Bolla and Susan Bolla entered into a settlement with the SEC.  A bench

trial was held before this Court on July 26-28, 2004 to determine the liability of Defendants WIN

and Radano.  On September 22, 2005, the Court issued a Memorandum Opinion finding

Defendant WIN liable for violating Sections 203(f), 206(1) and 206(2) of the Advisers Act, 15

U.S.C. §§ 80b-3(f), 80b-6(1), and 80b-6(2) respectively, and finding that Defendant Radano

aided and abetted WIN's violations.  *See generally SEC v. Bolla*, 401 F. Supp. 2d 43.  The Court

imposed a civil monetary penalty of $15,000 against Defendant Radano, and imposed a $50,000

penalty against Defendant WIN.  In addition, the Court enjoined both Defendants "from future

violations of Sections 203(f), 206(1) and 206(2) of the Advisers Act."  *See id.* at 74; *see also*

Order, *SEC v. Bolla*, Civil Action No. 02-1506 (D.D.C. Sept. 22, 2005).

Defendants WIN and Radano appealed the issuance of the injunction, the form of the

injunction, and the imposition of monetary penalties.  On February 6, 2007, the D.C. Circuit

issued an opinion affirming this Court's findings of violations, as well as the imposition of

penalties.  *SEC v. Washington Inv. Network*, 475 F.3d 392, 407 (D.C. Cir. 2007).  The D.C.

Circuit also affirmed on the merits this Court's issuance of an injunction, but found the

injunction to be "insufficiently specific" for two reasons.  *Id.*  First, citing Federal Rule of Civil

Procedure 65(d), the D.C. Circuit held that the injunction did not "clarify the act or acts sought to

be restrained."  *Id.*  Second, the D.C. Circuit found that the injunction "might subject defendants

to contempt for activities having no resemblance to the activities that led to the injunction,

thereby being overly broad in its reach."  *Id.* (citing *SEC v. Savoy Indus., Inc.*, 665 F.2d 1310,

1318-19 (D.C. Cir. 1981)).  The D.C. Circuit therefore remanded the case to this Court "to

reform the injunction and to address the question of overbreadth."  *Id.*

Following remand, the parties were unable to agree upon mutually acceptable language to

amend the injunction in compliance with the D.C. Circuit Mandate.  Accordingly, on August 15,

2007, the SEC and Defendants WIN and Radano filed opening briefs regarding the scope of the

injunction. On August 16, 2007, the SEC filed a motion to strike Defendants WIN and Radano's

opening brief, arguing that it addressed matters already resolved by the Court of Appeals and

exceeded the limited issue to be addressed pursuant to the Mandate. On August 22, 2007, the

Court granted that motion to strike "to extent that Defendants' opening brief addresses issues

beyond amending the injunction in accordance with the Mandate." Order, *SEC v. Bolla*, Civil

Action No. 02-1506 (D.D.C. Aug. 22, 2007). Thereafter, Defendants WIN and Radano filed a

[79] Motion for Reconsideration and Clarification of the Court's August 22, 2007 Order or, in

the Alternative, to Strike Portions of the SEC's Proposed Judgment and Set Briefing Schedule.

The SEC filed its opposition to that motion on September 6, 2007, and Defendants filed their

Reply on September 10, 2007. In addition, on September 4 and September 5, 2007, respectively,

the SEC and Defendants filed their responsive briefs regarding the scope of the injunction.

## II.  DISCUSSION

> A.    *Defendants' Motion for Reconsideration and Clarification of the Court's August 22, 2007 Order*

The issue before the Court on remand from the D.C. Circuit is narrowly confined.

Specifically, the D.C. Circuit affirmed on the merits this Court's finding of violations and

issuance of an injunction, and remanded the case to this Court in order "to amend the injunction

to describe more specifically the act or acts sought to be restrained." *SEC v. WIN*, 475 F.3d at

407. Accordingly, as noted above, the Court struck those portions of Defendants' opening brief

that went beyond the scope of the D.C. Circuit's Mandate. *See* Order, *SEC v. Bolla*, Civil Action

No. 02-1506 (D.D.C. Aug. 22, 2007). Defendants' Motion for Reconsideration and Clarification

requests that the Court reconsider three aspects of Defendants' opening brief stricken by the

Court.  The Court shall grant-in-part and deny-in-part Defendants' Motion for the following

reasons.  First, Defendants argue that the Court should reconsider the factual issue of whether

Defendant Radano may have fabricated evidence because that determination is relevant to the

scope of the injunction to be issued in this case.  *See* Defs.' Mot. for Reconsid. at 3.  The Court

declines, however, to reconsider the factual findings and legal conclusions made in its September

22, 2005 Memorandum Opinion, which has been affirmed on the merits by the D.C. Circuit.

Second, Defendants argue that the Court should clarify the statutory basis for its imposition of

monetary penalties.  *See id.* at 4-5.  While the D.C. Circuit did not consider Defendant Radano's

argument regarding monetary penalties due to his failure to raise it before this Court, the D.C.

Circuit nevertheless specifically affirmed this Court's "imposition of penalties on WIN and

Radano, as set forth in [this Court's] judgment."  *SEC v. WIN*, 475 F.2d at 407.  As such, the

Court shall not reconsider Defendants' arguments regarding monetary penalties.[1]

However, insofar as the Court's August 22, 2007 Order may be interpreted as striking

Defendants' legal arguments regarding the scope of the injunction in this case, *see* Defs.' Mot.

for Reconsid. at 1-2, the Court clarifies that those arguments were not stricken, but rather are

considered in the Court's discussion of the injunction below.  Finally, to the extent that

Defendants' Motion for Reconsideration and Clarification contains a request, in the alternative,

to strike certain portions of the SEC's proposed injunction, that request is also addressed below.

> B.        *The Scope of the Injunction in This Action*

The SEC has moved this Court to enter an injunction similar in form to the injunction set

---

[1] The Court will nevertheless clarify in the accompanying Order that the statutory basis for the civil penalties imposed in this case is Section 209(e) of the Investment Advisers Act of 1940, 15 U.S.C. § 80b-9(e).

forth above.  In contrast, Defendants "urge the Court to impose a substantially limited

injunction," Defs.' Op. Br. at 2, and the Court therefore addresses the arguments raised by

Defendants.  At the outset, the Court notes that it will not reconsider the need for injunctive relief

in this action.  On appeal, the D.C. Circuit concluded that "the record adequately supports the

district court's finding of a reasonable likelihood of future violations, and the court therefore

acted within the bounds of its discretion in entering the injunction."  *SEC v. WIN*, 475 F.3d at

407.  The issue on remand, rather, is the scope of the injunction, which must clarify "the act or

acts sought to be restrained," and must not be overly broad so as to "subject defendants to

contempt for activities having no resemblance to the activities that led to the injunction."  *Id.*

(quoting Fed. R. Civ. P. 65(d) and *Savoy Indus.*, 665 F.2d at 1318-19).

Defendants argue that the Court should limit the duration of the injunction in this matter

by issuing a time limited, rather than permanent, injunction, particularly in light of certain

allegedly mitigating factors.  *See* Defs.' Op. Br. at 3-5, 7-8.  However, the Court continues to

believe that a permanent injunction is necessary in this case.  As the D.C. Circuit stated in

upholding this Court's issuance of an injunction:

> Significantly, we are not presented here with an isolated event or a violation that
> is technical in nature.  Radano's willingness to enter into a business relationship
> with Bolla though he knew the SEC was likely to bar Bolla from the investment
> advisory industry, his failure to take decisive action to distance himself and WIN
> from Bolla once the bar order became imminent, his willingness to permit Bolla to
> continue his control over WIN's finances after the bar order took effect, his
> payment of fees to Bolla eight months after the bar order, and his lack of candor in
> conversations with WIN's clients (thereby putting his self-interest over that of the
> clients), all strongly suggest a willfulness and a continuing pattern of fiduciary
> violations that is likely to be repeated in the future.

*SEC v. WIN*, 475 F.3d at 407.  These considerations–coupled with the Court's findings that

Defendant Radano lacked credibility at trial, *see SEC v. Bolla*, 401 F. Supp. 2d at 51, 57,

58–weigh heavily in favor of a permanent injunction.  Furthermore, the Court notes that the

injunction upheld by the D.C. Circuit was permanent in nature, albeit insufficiently specific.  *Id.*

The Court therefore concludes, in its discretion, that a permanent injunction is appropriate in this

case.[2]

Defendants WIN and Radano next argue that the injunction sought by the SEC is an

"obey-the-law" injunction that lacks specificity and "would purport to enjoin a vast array of

potential acts and violations that go well beyond – and bear no resemblance to – the actual

conduct that led to the injunction."  Defs.' Op. Br. at 8-9.  For its part, the SEC acknowledges

that its proposed injunction tracks the language of the statutes that Defendants WIN and Radano

violated, but argues that general decrees are "necessary to prevent further violations where a

proclivity for unlawful conduct has been shown."  SEC Op. Br. at 4 (quoting *Macomb v.

Jacksonville Paper Co.*, 336 U.S. 187 (1949)).  Both parties devote significant attention in this

respect to *Savoy Industries*, in which the D.C. Circuit specifically upheld a district court's "use in

the injunction of language similar to that of the statutes violated by [the defendant]" and noted

that "[i]n the securities field . . . we have not encountered any instances in which a federal

appellate court has struck down an injunction formulated in language closely paralleling the

---

[2] In addition, the Court notes that this action was initially brought against Defendants WIN and Radano, as well as Defendants Steven M. Bolla and Susan Bolla.  Defendants Steven and Susan Bolla each settled with the SEC and entered into consent judgments that included permanent injunctions.  *See* Final Judgment as to Defendant Steven M. Bolla, Final Judgment as to Defendant Susan Bolla, *SEC v. Bolla*, Civil Action No. 02-1506 (D.D.C. July 27, 2004).  Although those judgments were consented to and contained no findings of liability, Defendants WIN and Radano have offered the Court no basis on which to conclude that a permanent injunction is any less necessary here than it was with respect to Defendants Steven and Susan Bolla.

statute transgressed by the defendant; indeed, several courts have flatly rejected pleas to do so."

*Savoy Indus.*, 665 F.2d at 1318.  *Savoy Industries* thus does not, as Defendants suggest, preclude

courts from entering injunctions that mirror the relevant statutory language.  Rather, *Savoy*

*Industries* stands for the proposition that such injunctions cannot be so broad as to "subject to the

federal civil contempt power future acts by [defendants] that may be completely unrelated to

[their] lawbreaking in the past."  *Id.* at 1318-19.

In that respect, the inquiry necessitated by *Savoy Industries* overlaps with the requirement

of Federal Rule of Civil Procedure 65(d) that an order granting an injunction "describe in

reasonable detail, and not by reference to the complaint or other document, the act or acts sought

to be restrained." Fed. R. Civ. P. 65(d).[3]  The Court is satisfied that the injunction set forth

above is sufficiently specific as to meet the standard of Rule 65(d) as well as alleviate the

overbreadth concerns expressed in *Savoy Industries*.  With respect to Section 203(f) of the

Advisers Act, the Court shall enter the following injunction:

> Defendants WIN and Radano, their agents, servants, employees, attorneys, and all
> persons in active concert or participation with them who receive actual notice of
> this Final Judgment by personal service or otherwise are permanently restrained
> and enjoined from violating Section 203(f) of the Investment Advisers Act of
> 1940 by willfully becoming, or being, associated with an investment adviser
> without the consent of the Securities and Exchange Commission ("SEC") if the
> SEC has issued an order against them suspending them or barring them from
> being associated with an investment adviser, or by permitting a person who was
> the subject of an SEC order barring or suspending him or her from associating
> with an investment adviser to become, or remain, a person associated with an

---

[3] Defendants erroneously argue that an injunction tracking the relevant statutory language ignores Rule 65(d)'s prohibition on injunctions that describe the acts sought to be restrained "by reference to the complaint or other document."  *See* Defs.' Resp. Br. at 3 (quoting Fed. R. Civ. P. 65(d)).  The injunction to be entered in this case does not simply incorporate by reference the relevant statutory provisions, but rather includes the description of the acts sought to be enjoined, albeit in language that tracks the statute.

investment adviser without the consent of the SEC if either WIN or Radano knew,
or in the exercise of reasonable care, should have known, of such order.

While this injunctive language happens to track the language of Section 203(f), it also describes

with specificity the acts that Defendants WIN and Radano were found to have engaged in.

Specifically, the Court found that the SEC "proved by a preponderance of the evidence that . . .

WIN and Mr. Radano actively and passively permitted Mr. Bolla to remain associated with WIN

despite knowledge of the imposition of a bar by the SEC preventing him from acting as an

investment adviser." *SEC v. Bolla*, 401 F. Supp. 2d at 63.  The above-quoted injunctive language

addresses exactly that conduct.

The above-quoted language also addresses the inverse of the conduct in which

Defendants were found to have engaged, i.e., Defendants themselves becoming or being

associated with an investment adviser without the consent of the SEC if the SEC has issued a bar

order against them.  Defendants argue that this provision renders the injunction overbroad.

*See* Defs.' Op. Br. at 9-10.  However, "a federal court has broad power to restrain acts which are

of the same type or class as unlawful acts which the court has found to have been committed or

whose commission in the future, unless enjoined, may fairly be anticipated from the defendant's

conduct in the past." *Savoy Indus.*, 665 F.2d at 1317-18 (quoting *NLRB v. Express Publ'g Co.*,

312 U.S. 425 (1941)).  Here, as discussed above, the Court found–and the D.C. Circuit

affirmed–that Defendants engaged in actions that "strongly suggest a willfulness and a

continuing pattern of fiduciary violations that is likely to be repeated in the future." *SEC v. WIN*,

475 F.3d at 407.  Significantly, as Defendants themselves stress, they are now the subjects of an

SEC bar order. *See* Defs.' Op. Br. at 4.  As a result, and in light of the conduct in which the

9

Court found Defendants to have engaged, the injunction is not overbroad in preventing

Defendants both from repeating their previous violation by allowing an individual barred by an

SEC order from becoming associated with an investment adviser, and from themselves becoming

associated with investment adviser while subject to an SEC bar order.  *Cf. FTC v. Ruberoid Co.*,

343 U.S. 470, 473 (1952) (noting, in the context of an SEC cease-and-desist order that the SEC

"is not limited to prohibiting the illegal practice in the precise form in which it is found to have

existed in the past. . . it cannot be required to confine its road block to the narrow lane the

transgressor has traveled.").

     Defendants further argue that the above-quoted injunctive language lacks precision

because it uses the purportedly vague terms "permit" and "being associated with an investment

adviser." *see* Defs.' Resp. Br. at 4.  This argument is not persuasive, however, because both this

Court and the D.C. Circuit successfully interpreted these terms in the opinions in this case.  In

particular, the D.C. Circuit adopted the SEC's interpretation of the word permit, finding that

Section 203(f) of the Advisers Act "prohibits investment advisers from standing aside passively

while a barred individual takes control of the firm."  *SEC v. WIN*, 475 F.2d at 401-02.

     With respect to Sections 206(1) and 206(2) of the Advisers Act, the Court shall enter the

following injunction:

> Defendants WIN and Radano, their agents, servants, employees, attorneys, and all
> persons in active concert or participation with them who receive actual notice of
> this Final Judgment by personal service or otherwise are permanently restrained
> and enjoined from violating Sections 206(1) and 206(2) of the Investment
> Advisers Act of 1940 by the use of any means or instruments of interstate
> commerce or by the use of the mails, directly or indirectly:
>> (a) employing any device, scheme, or artifice to defraud any client or
>> prospective client; or
>> (b) engaging in any transaction, practice, or course of business which

operates as a fraud or deceit upon any client or prospective client.

In the instant case, the Court found–and the D.C. Circuit affirmed–that the SEC "established by a preponderance of the evidence" that Defendants breached their fiduciary duties to their clients to "completely, accurately, and affirmatively disclose" the material information that Mr. Bolla left WIN because the SEC obtained an anti-fraud injunction and bar against him and that, as a result, he was precluded from associating with WIN.  *See SEC v. Bolla*, 401 F. Supp. 2d at 68-71. Furthermore, the Court found that Defendants' violations of Sections 206(1) and 206(2) "were flagrant, deliberate, and part of a pattern."  *Id.* at 74.

The above-quoted injunctive language contains a significant limitation that serves to alleviate overbreadth concerns, and which distinguishes it from the injunction found to be overbroad in *Savoy Industries*.  *See* 665 F.2d at 1318-19.  Here, the injunction is tailored specifically to the conduct in which Defendants were found to have engaged, because it only prevents Defendants from acts that serve to defraud a "client or prospective client," rather than the "any person" contemplated by Sections 206(1) and 206(2).  Significantly, following the bench trial in this matter, the Court concluded that a broad injunction with regards to Section 206(1) and 206(2) was warranted "due to the willful conduct of WIN and Mr. Radano and their continuing refusal to acknowledge the most basic fiduciary duties of an 'investment adviser.'" *SEC v. Bolla*, 401 F. Supp. 2d at 74.  In light of this conclusion, it is difficult to conceive of narrower injunctive language that would encompass the conduct "whose commission in the future, unless enjoined, may fairly be anticipated from the defendant's conduct in the past."  *See Savoy Indus.*, 665 F.2d at 1317-18 (quoting *NLRB v. Express Publ'g Co.*, 312 U.S. 425 (1941)).

Defendants suggest that the Court should issue a narrow injunction enjoining "WIN and

11

Mr. Radano from entering into any business relationships with Steven Bolla, Susan Bolla, and/or

Lockwood Financial for some fixed period," or prohibiting "WIN and Mr. Radano from

communicating with any new clients . . . without providing such clients with a copy of this

Court's final judgment within 24 hours of the first contact." Defs.' Op. Br. at 13.  Defendants'

suggestions, however, fail to recognize the findings of this Court and the D.C. Circuit regarding

the seriousness of Defendants' violations, which "strongly suggest a willfulness and a continuing

pattern of fiduciary violations that is likely to be repeated in the future." *SEC v. WIN*, 475 F.3d at

407.  As a result, the Court shall enter the injunction described above, which is similar in

substance to the injunction proposed by the SEC in Sections I and II of its proposed final

judgment.

      The Court does not, however, adopt the totality of the SEC's proposed final judgment.

As Defendants point out in their alternative Motion to Strike Portions of the SEC's Proposed

Judgment, the SEC's proposed final judgment includes a number of sections not included in this

Court's September 22, 2005 Order, which are thus beyond the narrow scope of the remand in this

case.  Specifically, the SEC proposes a preamble, a section modifying the penalty provision to

provide instructions as to how Defendants are to satisfy the civil penalties (Section III), and a

section concerning the Court's retention of jurisdiction in this action (Section IV).  In light of the

Court's narrow construction of the remand in this action, discussed above, it is appropriate that

the SEC–like Defendants–be precluded from raising on remand issues that have not previously

been addressed by the parties.  As a result, the Court declines to adopt the SEC's proposed

preamble, Section III, or Section IV, and shall grant Defendants' alternative Motion to Strike

those portions of the SEC's proposed final judgment.

### III.  CONCLUSION

For the foregoing reasons, the Court shall enter the injunction set forth above, which is similar in substance to the injunction proposed by the SEC in Sections I and II of its proposed final judgment, and shall further clarify that the monetary penalties in this case are imposed pursuant to Section 209(e) of the Investment Advisers Act of 1940.  In addition, the Court shall grant-in-part and deny-in-part Defendants' [79] Motion for Reconsideration and Clarification and shall grant-in-part and deny-in-part Defendants' alternative [80] Motion to Strike Portions of the SEC's Proposed Judgment and Set Briefing Schedule.  An appropriate Order accompanies this Memorandum Opinion.

Date:   October 29, 2007

                                                         */s/*
                                                COLLEEN KOLLAR-KOTELLY
                                                United States District Judge